**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

STEVEN LASOFF,

        Plaintiff,

    v.

AMAZON.COM, INC.,

        Defendant.

Civil Action No. 15-2886 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Amazon.com, Inc.'s[1] ("Defendant") motion to

transfer venue pursuant to 28 U.S.C. § 1404(a). (ECF No. 11.) Plaintiff Steven Lasoff ("Plaintiff")

filed opposition pro se. (ECF No. 14.) Defendant replied.[2] (ECF No. 18.) The Court has carefully

considered the parties' submissions and decides the matter without oral argument pursuant to Local

---

[1] Defendant asserts that Plaintiff improperly pled "Amazon.com, Inc." as the defendant in this matter, when the proper entity to be pled is "Amazon Services LLC," as that is the entity that owns and operates the Amazon.com website and related services. (Def.'s Moving Br. 2 n.1, ECF No. 11-1.) Defendant further states that Amazon Services LLC does not object to its substitution as the proper party. (*Id.*)

[2] On January 5, 2016, Angela Christine Vidal entered an appearance on behalf of Plaintiff and filed a "letter brief in lieu of a more formal brief as Plaintiff's supplementary opposition to Defendant's Motion to Transfer Venue." (ECF Nos. 19, 20.) At the time this "supplementary opposition" was filed, the motion was fully briefed. Thus, Plaintiff's further submission constitutes an improper sur-reply. Per Local Civil Rule 7.1 (d)(6), sur-replies are not permitted unless leave is granted by the Judge to whom the case is assigned. It is in the Court's discretion to disregard any sur-reply submitted without the permission of the Court, and permission is generally denied where the record and prior submissions are deemed sufficient. Plaintiff did not seek permission, and the Court did not give permission for this "supplementary opposition" to be filed. Furthermore, this submission is not necessary as the prior record before the Court is sufficient to decide the motion. Thus, the Court will not consider it.

Civil Rule 78.1.  For the reasons stated below, Defendant's motion to transfer venue to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a) is granted.

## I.      Background

Plaintiff is a New Jersey resident and seller of artificial turf products marketed under the term "InGrass."  (Compl. ¶ 1, ECF No. 1.)  On December 1, 2008, Plaintiff accepted the Amazon Services Business Solutions Agreement[3] (the "BSA") in order to begin selling his artificial turf products on Amazon.com.  (Compl., Ex. E, ECF No. 105; Decl. of Deserae Weitman, Ex. A ("BSA"), ECF No. 11-2.)  The BSA includes a forum selection clause and choice-of-law provision that requires any dispute Plaintiff has with Amazon related to the BSA to be resolved in Washington courts applying Washington law.  (BSA ¶ 18.)  Specifically, the BSA provides:

> This Agreement will be governed by the laws of the State of Washington, without reference to rules governing choice of laws or the Convention on Contracts for the International Sale of Goods.  Any dispute with Amazon or its affiliates relating in any way to this Agreement or your use of the Services . . . shall be adjudicated in any state or federal court in King County, Washington, and you consent to exclusive jurisdiction and venue in such courts.

(*Id.*)

After accepting the BSA, Plaintiff began selling his products on Amazon.com using the "InGrass" brand name.  (Compl. ¶ 15.)  In August 2013, Plaintiff alleges that he experienced a

---

[3] The court can consider this document without converting the Rule 12(b)(6) motion into one for summary judgment because the Complaint relies upon the document, and its authenticity is uncontested.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that any "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (citation omitted); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

substantial drop in sales of his company's products. (*Id.* ¶ 16.) Plaintiff further alleges that after investigating the matter he discovered that Amazon allowed multiple sellers to add their artificial turf products under InGrass's product listing on Amazon.com. (*Id.*) According to Plaintiff, the sellers falsely identified their artificial turf products as InGrass artificial turf products. (*Id.*) Following unfruitful communications with Defendant regarding the alleged trademark infringements, Plaintiff filed a Complaint in this Court alleging an array of trademark, anti-trust, and unfair practices claims against Defendant. (*Id.* ¶¶ 19-33.) Based on the forum selection clause in the BSA, Defendant now moves to transfer venue to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a).

## II.    Legal Standard

A federal district court may transfer a civil action to a different venue under 28 U.S.C. § 1404(a) or § 1406(a). Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." § 1404(a). The Third Circuit has explained that "Section 1404(a) provides for the transfer of a case where both the original and requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). When deciding a motion to transfer venue, a district court should remember that "the plaintiff's choice of venue should not be lightly disturbed." *Id.* at 878-79.

In conducting its evaluation, the Court must balance various private and public interests related to the transfer. *Id.* The private interest factors include:

[1] plaintiff's forum preference as manifested in the original choice, [2] the defendant's preference, [3] whether the claim arose elsewhere, [4] the convenience of the parties as indicated by their relative physical and financial condition, [5] the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and [6] the location of books and records

3

> (similarly limited to the extent that the files could not be produced in the alternative forum) . . . .

*Id.* (internal citations omitted). The public interest factors include:

> [1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (internal citations omitted). It is the movant's burden to prove that transfer is necessary. *Id.*

## III.    Analysis

### A.    Applicability of the Forum Selection Clause

It is well established that a forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Gen. Eng'g Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 356 (3d Cir. 1986) (quoting *The Bremen v. Zapatha Off-Shore Co.*, 407 U.S. 1, 10 (1972)). "Whether or not a forum selection clause applies depends on what the specific clause at issue says." *Wyeth & Brother Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1075 (3d Cir. 1997). Thus, courts must look to the language of the forum selection clause to determine its scope. *Schering Corp. v. First Databank, Inc.*, 479 F. Supp. 2d 468, 470 (D.N.J. 2007). A clause governing claims "related to" or "concerning" the parties' agreement applies to a broader range of claims than a clause governing claims "arising under" the agreement. *Id.* at 470-71.

Here, the forum selection clause provides: "Any dispute with Amazon or its affiliates **relating in any way** to this Agreement or your use of the Services . . . shall be adjudicated in any state or federal court in King County, Washington, and you consent to exclusive jurisdiction and venue in such courts." (BSA ¶ 18.) Plaintiff does not contest that he entered into the BSA or that

4

it contained the forum selection clause. Rather, Plaintiff argues that the clause is irrelevant because Plaintiff has not sued Defendant under the BSA or for any claims arising under the BSA. (Pl.'s Opp'n Br. 3, ECF No. 14.) Plaintiff asserts that he instead has sued Defendant for violations of state and federal law under rights that exist independent of any agreement.

The forum selection clause in the BSA is broadly worded. It utilizes the language "any dispute relating in any way," as opposed to the more narrow "arising under" language. Courts in this District have found that clauses using the phrase "relating to" indicate that the scope of the clause is subject to a broader interpretation. *See Schering Corp.*, 479 F. Supp. 2d at 470; *Parts Geek, LLC v. U.S. Auto Parts Network, Inc.*, No. 09-5578, 2010 WL 1381005, at *6 (D.N.J. Apr. 1, 2010). It is clear that this action relates to the BSA because all of Plaintiff's claims arise from his use of Defendant's services or directly out of his selling relationship with Defendant. Specifically, Plaintiff asserts that Defendant used his common law trademark in marketing and advertising. Furthermore, Plaintiff alleges that Defendant violated the Lanham Act by allowing multiple sellers to use the "InGrass" brand name without his authorization. However, those advertisements and Plaintiff's product listings only occurred because Plaintiff made his products available on Amazon.com. Because the crux of the Complaint is that Defendant allegedly allowed multiple sellers to use the "InGrass" brand name on Amazon.com without his authorization, all of his claims not only relate to the BSA which he entered into, but also relate to his use of Amazon's services. Therefore, Plaintiff's claims are subject to the forum selection clause.

**B.      Applicability of § 1404(a) Considerations**

The United States Supreme Court has held that § 1404(a) provides an appropriate mechanism for enforcement of a forum-selection clause. *Alt. Marine Constr. Co. v. U.S. Dist. Court for the W.D. Tex.*, 134 S. Ct. 568, 581 (2013). Section 1404(a) requires that a forum-

selection clause be "given controlling weight in all but the most exceptional cases." *Id.* In a typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion must evaluate both the convenience of the parties and various public-interest considerations. 28 U.S.C. § 1404(a); *Jumara*, 55 F.3d at 879. Ordinarily, the district court would weigh the relevant factors and decide whether transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." 28 U.S.C. § 1404(a); *Jumara*, 55 F.3d at 879. When the parties have agreed to a valid forum-selection clause, however, the analysis changes and the district courts must "adjust their usual §1404(a) analysis in three ways." *Alt. Marine Constr. Co.*, 134 S. Ct. at 581. First, the plaintiff's choice of forum merits no weight, and instead, the plaintiff bears the burden of establishing that transfer to the agreed-upon forum would be unwarranted. *Id.* at 281-82. Second, the parties waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. *Id.* Thus, the Court must deem the private-interest factors to weigh entirely in favor of the preselected forum. *Id.* Third, when a party "flouts" its contractual obligation under the forum selection clause, "a §1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Spy Phone Labs LLC v. Google, Inc.*, 2015 WL 4773159, at *2 (D.N.J. Aug. 13, 2015) (quoting *Alt. Marine Constr. Co.*, 134 S. Ct. at 581).

Accordingly, the Court gives Plaintiff's choice of forum no weight. "Under these circumstances, a party can defeat transfer only if it can show that there are prevailing public interest factors." *PNY Techs., Inc. v. Miller, Kaplan, Arase & Co., LLP*, No. 14-4150, 2015 WL 1399199, at *4 (D.N.J. Mar. 24, 2015). First, judgment in this action would be equally enforceable in Washington and New Jersey. Second, the likelihood that parties, documents, and witnesses will

6

have to be transported from one forum to another regardless of where this case is litigated means that "practical considerations that could make the trial easy, expeditious, or inexpensive" do not favor either forum. *Yocham v. Novartis Pharms. Corp.*, 565 F. Supp. 2d 554, 559 (D.N.J. 2008). Third, the relative administrative difficulties is a neutral factor since either court could effectively manage this case. Fourth, there are no public policy or local interests that weigh strongly either way. Finally, while the Court in New Jersey is capable of effectively applying Washington law, the BSA contains a choice-of-law provision requiring the application of Washington law by a Washington court. This factor weighs strongly in favor of transfer. Balancing these factors, they weigh in favor of transferring this case to the Western District of Washington.

## IV.   Conclusion

For the reasons set forth above, Defendant's motion to transfer is granted. An order consistent with this Memorandum Opinion will be entered.

 s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** January 28, 2016